ROACH–REID CO. v. HILL et al.

Civil Action No. 6910.

District Court, W. D. Pennsylvania.

March 24, 1948.

Thorp, Bostwick, Reed & Armstrong, John E. Laughlin, Jr., and W. Gordon Rauck, all of Pittsburgh, Pa., for plaintiff.

Evans, Ivory & Evans, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

The plaintiff for a number of years has been engaged in selling and servicing voice-recording and transcribing machines and accessories. It maintained a district sales and service office in Pittsburgh for the purpose of covering certain counties in Western Pennsylvania, the Eastern counties of West Virginia and Jefferson County in the State of Ohio.

The defendant, Leonard Hill, since 1932 was employed by plaintiff as a salesman, and from November 10, 1947, was manager of its Pittsburgh District Office. The defendant, J. W. Eichelsbacher, for some years prior to 1944, was a salesman for plaintiff in the Pittsburgh District. In May of 1944 he enlisted in the United States Navy, remaining in that service until April of 1946, when he resumed his employment as a salesman for plaintiff. The defendant, John Martin, was employed as a service man, servicing and repairing Ediphones purchased from plaintiff from 1928 until late in 1947.

The defendants were each instructed and trained by plaintiff at considerable expense, and by reason of this long service and acquaintance with purchasers and users of plaintiff's machine were of great value to plaintiff in its service. Both Hill and Eichelsbacher were quite successful as salesmen.

In 1940, after defendants had been in the employ of the plaintiff for some years, each of them entered into an agreement with plaintiff which in part is as follows:

"That upon the termination of my employment, I will deliver to The Roach-Reid Company any and all files, memoranda, orders, order blanks, customers lists and everything in my possession pertaining to The Roach-Reid Company and its business; that if I should be in the employ of said Company less than one year, I will not, for a period of three months, and if for more than one year, I will not, for a period of three months for each year up to four years of my employment, after leaving the employ of The Roach-Reid Company, solicit any of its customers for myself, nor on behalf of any person or concern doing a similiar business, or on behalf of any competitor of said Company, in the territory in which I was employed by The Roach-Reid Company."

Defendants each entered into this agreement at the insistence of the plaintiff, and for the purpose of enabling them to maintain their employment with it, Hill on April 29, 1940, Eichelsbacher on June 6, 1940, and Martin on April 29, 1940.

On November 12, 1947, Hill, on November 16, 1947, Eichelsbacher, and on October 20, 1947, John Martin, voluntarily quit the service of the plaintiff, and immediately entered the employment of the Gray Manufacturing Company which was selling an Audograph machine of like purpose and in competition with plaintiff's Ediphone. Hill and Martin took over the same territory in which they had represented plaintiff, and began to call upon and solicit their former customers, and on trial expressed their intention of continuing to do so.

The plaintiff has filed its complaint against the defendants, wherein it sets forth the agreements of 1940, supra, by which defendants agreed to abstain from competition on behalf of themselves or any other person in the Pittsburgh District for a fixed time after termination of employment with plaintiff, and prays a temporary and final injunction against defendants and an order for an accounting and damages.

The time and locality of the 1940 limitations are reasonable, but each of the defendants insists that he is not bound by that agreement. Hill relies upon a subsequent agreement in 1942 which makes no mention of an agreement such as that

of 1940, which he claims sets the 1940 contract aside, and an anticipatory breach of that limiting agreement by a proposed change of his employment compensation in October, 1947. No consideration needs to be given to the 1942 agreement because it enlarged rather than diminished his compensation and did not mention any change in the limitation of the 1940 agreement. The main contention relates to the alleged anticipatory breach.

For several years prior to 1944, Hill and Eichelsbacher were plaintiff's only regular salesmen in the Pittsburgh District. Hill, in addition to his duties as manager, had a portion of the district allotted to him wherein he functioned as a direct salesman. After Eichelsbacher enlisted in the Navy he had the whole district for about two years, and as a result his income was considerably increased. After Eichelsbacher's return in 1946, he still had a part of the territory as a salesman, but complained about some reduction of his income. The anticipatory breach of his contract that he asserts against the plaintiff consisted in the expressed desire of the company that he act more in the capacity of manager of the Pittsburgh District and less as a direct salesman. It urged that the temporary arrangement of the 1942 agreement, made necessary by the war and the subsequent inability to obtain desirable salesmen and Ediphones, be set aside and a return made to the mutual intentions of the plaintiff and Hill at the time the latter was appointed manager of the district. He was requested to appoint and train four additional salesmen in order that an increase in the business of the plaintiff might be obtained. By this request he was not deprived entirely of his right to make direct personal sales, but was required to look to a percentage of the compensation of the other agents to offset a reduction in his gain from personal sales. This request was not a breach of the contract between the plaintiff and Hill, but was in accord with it and the known policy of plaintiff. See Exhibit B, contract dated March 23, 1942.

The letter of October 22, 1947 (Defendants' Exhibit D), upon which the alleged breach is now based, was evidently not the reason why defendants Hill and Eichelsbacher left the service of the plaintiff. See letter from The Gray Manufacturing Company, dated October 22, 1947 (Plaintiff's Exhibit 7), which confirmed "the verbal agreement which has evolved as a result of your discussions during the past months with Mr. E. T. Herbig, Jr., representative of The Gray Manufacturing Company and its subsidiary, Audograph Sales Company, Inc. * * * it is our mutual intention that you shall represent the Audograph dictation machine exclusively in the so-called Pittsburgh or western Pennsylvania territory."

■ No breach of his contract by the plaintiff being established, Leonard Hill will be restrained from further violation of his 1940 limitation agreement pending final hearing and judgment.

■ Immediately after resigning his employment with plaintiff, John Martin accepted employment by the Gray Manufacturing Company. It is quite evident that his action was pursuant to the agreement then existing between that Company and Hill and Eichelsbacher. As a defense to the instant complaint Martin sets up an agreement between plaintiff and the International Machinists' Union on behalf of Martin. By that agreement the hours and labor conditions were fixed, but no such provision was contained as that by which Martin in the 1940 agreement bound himself to non-employment with any competitor of plaintiff for a fixed time. It is claimed that the Union agreement replaced in toto the 1940 contract. With this proposition the court finds itself unable to agree. The Machinists Union, representing Martin, had the right to contract for his hours and conditions of labor, but that right did not deprive him of all right to enter into agreements which affected him personally and not as a member of the union. Such an agreement was the agreement to not accept employment from a competitor for a limited time after ceasing employment with plaintiff. See J. I. Case Co. v. National Labor Relations Board, 321 U.S. 332, 339, 64 S.Ct. 576, 88 L.Ed. 762. The Union agreement and the 1940 agreement occupied entirely different fields.

752

John Martin will be enjoined from violating his 1940 agreement with plaintiff until final hearing and judgment in the instant action.

■ When the issues herein are considered, the situation of J. W. Eichelsbacher differs from that of the other defendants. Counsel for plaintiff contends that Eichelsbacher's service with the plaintiff was continuous despite his two years service in the Navy, and that he was only on furlough during his absence. In this counsel is not quite correct. True, Eichelsbacher was entitled to his job upon his return from service, but only if he applied therefor within a limited time prescribed by statute. From the testimony it appears that he was treated as a new employee after his return. As a new employee he was allowed to receive compensation from the Government with the knowledge and aid of the plaintiff, as appears from the proof to date. If plaintiff allowed him the guise of a new employee to the Government, it cannot well now claim there was no separation between his former and his late services.

The present proof does not establish such a clear state of facts as would justify a preliminary injunction, and the prayer for it will be denied.